UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRATHMORE INSURANCE COMPANY, *et al.*, : | NO. 3:25-CV-1554 (VAB) |
| : | |
| *Plaintiffs*, : | |
| v. : | |
| : | |
| MERIDEN HOMESTEAD II, LLC, *et al.*, : | |
| : | |
| *Defendants*. : | |
| : | MAY 21, 2026 |

**MOTION TO STAY DISCOVERY**

Defendants Salvatore R. Carabetta, Meriden Homestead II, LLC, and Meriden

Homestead III, LLC (together, the "Carabetta Defendants") herby move to stay discovery in this

action pending the resolution of the Motion to Enforce the Settlement Agreement.  *See* Dkt. 58.[1]

As outlined in the motion, the parties reached an enforceable settlement agreement in this

case in a settlement conference before the Honorable S. Dave Vatti.  *See id.*  Unfortunately,

following that settlement conference, plaintiffs Strathmore Insurance Company and GNY

Custom Insurance Company (together, "GNY") have refused to honor the agreement.  *See id.*

That refusal is unjustified – so much so that Judge Vatti described GNY's post-settlement

conduct as not only "disingenuous," but also "sanctionable" and "certainly not the way any party

in the several hundred mediations [he has] conducted has ever conducted themselves."  *See id.*

(citing Dkt. 56 at 10-11, 19).

Given these very unique circumstances, and the pendency of this dispositive motion, it

would be unwieldy and counterproductive to attempt to proceed with further discovery at this

---

[1]  The first upcoming deadline is imminent, involving the exchange of written discovery responses by May 27, 2026.  Granting this motion would obviate that deadline for both sides.  In the event that this Court does not grant this motion, the Carabetta Defendants respectfully request that the Court permit both parties to serve such responses within one week of the Court's ruling.

1

time.  The pending motion should conclude this case.  Staying discovery will avoid forcing the parties and the Court to expend unnecessary time and resources on litigating written discovery objections, conducting depositions, and disclosing experts.  *See* Dkt. 50.  Simply put, there is no reason to continue with these litigation activities in a matter that has already been concluded by what Judge Vatti made clear was an "enforceable" settlement agreement.  *See* Dkt. 56 at 10.

Even if the settlement were not enforced, the current schedule would need to be revised substantially.  As referenced in the motion, absent enforcement of the parties' settlement, the Carabetta Defendants would have no choice but to assert counterclaims against GNY for, *inter alia*, promissory estoppel, bad faith, and other claims arising out of GNY's conduct.  Such claims would necessarily require both sides to revisit discovery deadlines that have already expired, including promulgating written interrogatories and requests for production.  This practical reality further counsels in favor of pausing discovery pending resolution of a motion that should obviate the need for any further proceedings in the first place.

Finally, it would be unwise to proceed with further discovery for an additional reason.  If GNY intends to oppose the motion to enforce the settlement agreement by asking its counsel to try to disagree with the detailed facts set forth by Judge Vatti, *see* Dkt. 56, that approach would require GNY's counsel to act as a witness, and thus necessitate a substitution of counsel.  It would be unreasonable to proceed with discovery, including depositions, involving counsel that may ultimately become a witness in the case.  For this reason also, a pause on discovery is the wise and reasonable course in this case.

GNY has indicated that it opposes this motion.

WHEREFORE, the Carabetta Defendants respectfully request that this Court grant their Motion to Stay Discovery pending the resolution of the Motion to Enforce the Settlement Agreement.

Respectfully submitted,

DEFENDANTS MERIDEN HOMESTEAD II, LLC, MERIDEN HOMESTEAD III, LLC, AND SALVATORE R. CARABETTA

By:   //s// James J. Healy (ct28447)
   James J. Healy
   Allison D. White
   Cowdery, Murphy & Healy, LLC
   280 Trumbull Street, 22nd Floor
   Hartford, Connecticut 06103
   Telephone: (860) 278-5555
   Fax: (860) 249-0012
   jhealy@cmandh.com
   awhite@cmandh.com

   – Their Attorneys –

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 21, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

 //s// James J. Healy (ct28447)
James J. Healy