**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|  |  |
|---|---|
| STRATHMORE INSURANCE COMPANY, *et al.*, *Plaintiffs*, v. MERIDEN HOMESTEAD II, LLC, *et al.*, *Defendants.* | No. 3:25-cv-1554 (VAB) |

**RULING AND ORDER ON MOTION TO DISMISS**

Strathmore Insurance Company and GNY Custom Insurance Company (collectively, "Plaintiffs") have filed suit against the State of Connecticut and Connecticut Commissioner of Energy and Environmental Protection Katherine Dykes (collectively, the "State Defendants"), Meriden Homestead II, LLC, Meriden Homestead III, LLC, and Salvatore R. Carabetta (collectively, the "Carabetta Defendants"), seeking a declaratory judgment under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See* Compl., ECF No. 1 ("Compl.").

The State Defendants have moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. to Dismiss, ECF No. 29 ("Mot.").

For the following reasons, the motion to dismiss is **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

Strathmore Insurance Company and GNY Custom Insurance Company are insurance companies organized under the laws of New York with principal places of business in New York. Compl. ¶1. Meriden Homestead II, LLC and Meriden Homestead III, LLC are corporations organized under the laws of Connecticut with principal places of business in Connecticut. *Id.* ¶¶2-3. Mr. Carabetta is an individual who resides in Connecticut. *Id.* ¶4. Ms.

Dykes, the Commissioner of Energy and Environmental Protection of the State of Connecticut, is sued in her official capacity. *Id.* ¶5. The Complaint asserts no substantive claims against the State Defendants, but states that "they are named as defendants because . . . they have or may have an interest in the declaratory relief sought in this action." *Id.* ¶6.

The Carabetta Defendants own and maintain property in Meriden, Connecticut abutting the southern border of Lamentation Mountain State Park ("Park"), including parcels located at 2211 North Broad Street and 2259 North Broad Street. *Id.* ¶11. Mr. Carabetta resides at 2209 North Broad Street, which is surrounded by 2211 North Broad Street and lies less than 100 feet from the Park's southern border. *Id.* ¶12.

Because 2259 North Broad Street lacks direct street access, in 1984, the State of Connecticut granted a permanent, non-exclusive access easement and right of way through the Park to the then-owner of the property. *Id.* ¶13.

The alleged easement authorizes:

> "a. A 50-foot wide right of way from the Berling Turnpike to 2259 North Broad Street; b. Slope rights within 20 feet of the right of way for maintenance purposes, and; c. a 50-foot wide strip of land for grading, utilities, a guardhouse, and other improvements along the Berlin Turnpike in connection with the development of property then-owned by Cliffside in Meriden."

*Id.* ¶14. The easement was allegedly later transferred to Meriden II, one of the Defendants, upon its purchase of the property.

Though the State allegedly did not grant permission or authorization to the Carabetta Defendants to alter Park property beyond the scope of the easement, during a site visit on March 27, 2023, the Department of Energy and Environmental Protection (the "Department") allegedly discovered encroachments on the Park originating from the Carabetta Defendants' properties. *Id.* ¶15.

2

The alleged encroachments included:

> a. A private padlock affixed to a gate barring entry to the gravel road contained within the Easement; b. Five "Private No Trespassing" signs nailed to various trees contained within the Park; c. Brick and concrete blocks, rolls of chain link fencing, and other debris piled alongside the Easement; d. At least three separate drainage systems built that drain into the Park; e. Two substantial piles of earth and construction material fill; f. Several manicured lawn areas outside of the Easement; g. A timber animal shed with a chain-link fence enclosure; h. A paved asphalt basketball court with embedded basketball hoops; i. Two additional sheds, one of which contains a wooden rail fence enclosure; j. At least two utility boxes; k. A large, paved bituminous driveway with attached lampposts completely outside and in addition to the Easement, leading into the residence located at 2209 North Broad Street; l. Landscaping and lawn areas maintained near the bituminous driveway; m. A large, three-car metal garage; and n. Significant portions of a second residential house, part of which is built on the Park.

*Id.* ¶16. On May 30, 2023, the Department allegedly issued a notice to the Carabetta Defendants directing them to immediately discontinue all unauthorized use of the Park.[1]

### B. Procedural History

On February 11, 2025, the State and the Commissioner commenced an action against the Carabetta Defendants in the Superior Court for the Judicial District of Hartford. *Id.* ¶10.

---

[1] Strathmore Insurance Company issued and renewed Commercial General Liability Policy No. 8131M94408 to Carabetta Management Company from December 30, 2020 to December 30, 2023. *Id.* ¶25. GNY Custom Insurance Company issued Commercial General Liability Policy No. 9331S30192 to Carabetta Management Company with effective dates of December 30, 2023 to January 30, 2025. *Id.* ¶26. The Complaint's substantive claims concern the insurance companies' obligations towards the Carabetta Defendants under the policies with respect to the underlying suit in state court concerning the Carabetta Defendants' alleged violations of state law related to the easement and Park. The facts supporting the insurance companies' substantive claims do not concern the movants, the State Defendants, and have therefore been omitted.

On September 18, 2025, Strathmore Insurance Company and GNY Custom Insurance Company filed this action against the Carabetta Defendants and the State Defendants in this Court. *See id.*

Following several extensions of time, on December 8, 2025, the Carabetta Defendants filed their Answer. *See* Answer, ECF No. 26. The same day, the case was referred to a Magistrate Judge for a settlement conference. Order Referring Case, ECF No. 27.

On December 14, 2025, the State Defendants filed a motion to dismiss, ECF No. 29 ("Mot.").

On December 22, 2025, Strathmore Insurance Company and GNY Custom Insurance Company filed a motion for extension of time to respond to the motion to dismiss, Mot. for Extension of Time, ECF No. 34, which the Court granted, Order, ECF No. 35.

On January 20, 2026, Strathmore Insurance Company and GNY Custom Insurance Company filed a second motion for extension of time until after the scheduled settlement conference to respond to the motion to dismiss, Mot. for Extension of Time, ECF No. 36, which the Court granted, Order, ECF No. 37. Ultimately, no responses to the motion to dismiss were filed by either the Plaintiffs or the Carabetta Defendants.

II.    **STANDARD OF REVIEW**

   A.  **12(b)(1)**

Federal courts are "courts of limited jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "A case is properly dismissed for lack of subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000); Fed. R. Civ. P. 12(b)(1). "When considering a motion to dismiss pursuant to Rule

12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The court also may resolve disputed jurisdictional fact issues, however, "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

### B. 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## III.   DISCUSSION

The State Defendants seek to dismiss the claims of Strathmore Insurance Company and GNY Custom Insurance Company against them for four reasons: "(1) the Eleventh Amendment bars the Plaintiffs' claim against the Department in its entirety; (2) the action is moot as it relates to the State Defendants; (3) there is no diversity jurisdiction over the State Defendants; and (4) the Plaintiffs' Complaint fails to state a claim or assert relief against the State Defendants, much less one upon which relief can be granted." Mot. at 1.

The Court addresses each of the State Defendants' arguments in turn.

6

### A.  The Eleventh Amendment

The Eleventh Amendment of the Constitution bars suits against a state in federal court unless the state has waived its immunity. *See Mancuso v. N.Y. State Thruway Auth.*, 86 F.3d 289, 292 (2d Cir. 1996) (citing *Hans v. Louisiana*, 134 U.S. 1, 10-11 (1890)). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities' that are, effectively, arms of a state." *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006); *see also Alden v. Maine*, 527 U.S. 706, 756 (1999) (recognizing that only arms of the State can assert the State's immunity). A state's waiver of immunity is found only where express language or overwhelming implication from the text allow no other interpretation than a waiver of immunity. *See Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 448 (2d Cir. 1999) ("[W]aiver is found only where stated 'by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction.'" (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974))).

The State Defendants argue that the Eleventh Amendment bars the Plaintiffs' suit against them. They also argue that the Plaintiffs have not pled a violation of federal law, nor sought any prospective relief, as required for a waiver of immunity under *Ex Parte Young*, 209 U.S. 123, 155-56 (1908) (holding that an exception to the Eleventh Amendment's grant of sovereign immunity exists to permit a plaintiff to sue a state official acting in his or her official capacity for prospective injunctive relief for continuing violations of federal law).

The Court agrees.

The Plaintiffs' Complaint does not assert any claims against the State Defendants. Rather, they assert that they have only included them due to their interest in the underlying action in state court. Even if they had asserted claims against the State Defendants, they have not alleged a

7

violation of federal law, only common law claims, and they do not seek prospective injunctive relief, only declaratory judgments. *See Ex Parte Young*, 209 U.S. at 155-56 ("[I]ndividuals who, as officers of the state are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action."). In any case, the exception to Eleventh Amendment immunity does not apply to claims against state officials seeking declaratory or injunctive relief for prior violations of federal law. *See Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (the Eleventh Amendment "does not permit judgments against state officers declaring that they violated federal law in the past"); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("We have refused to extend the reasoning of *Young* . . . to claims for retrospective relief") (citations omitted); *Ward v. Thomas*, 207 F.3d 114, 119-20 (2d Cir. 2000) (Eleventh Amendment bars retrospective relief in form of declaration that State of Connecticut violated federal law in the past).

Accordingly, the Court will grant the State Defendants' motion to dismiss on Eleventh Amendment sovereign immunity grounds.

### B. Mootness

"To sustain jurisdiction, a dispute must not only be alive when filed, but throughout its pendency." *Doe v. McDonald*, 128 F.4th 379, 385 (2d Cir. 2025); *see also Juvenile Male*, 564 U.S. at 936 ("It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" (quoting *Arizonans for Off. English v. Arizona*, 520 U.S. 43, 67 (1997))). "A case is moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,'

8

making it 'impossible for a court to grant any effectual relief whatever to the prevailing party.'" *McDonald*, 128 F.4th at 385 (quoting first *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); and then *Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 815 F.3d 105, 109 (2d Cir. 2016) (per curiam)). When a case is moot, "a federal court lacks subject matter jurisdiction over the action" and the case "must be dismissed." *New York City Emps.' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992).

The State Defendants argue that they have no legally cognizable interest in the outcome of the matter, since whether the Carabetta Defendants "are indemnified or defended by the plaintiffs neither implicates the State's rights and powers under those statutory schemes nor does it limit or alter the legal scope of the relief the State could seek in the Underlying Action." Mot. at 9; *see* Compl. at 21-22 (seeking declaratory judgment that the Plaintiffs have no obligation to defend or indemnify the Carabetta Defendants or any person or entity that may obtain a judgment against them with respect to the claims asserted in the underlying action).

The Court agrees.

The Plaintiffs acknowledge that the Complaint "asserts no substantive claims against the Commissioner or the State of Connecticut" and only names them because "they have or may have an interest in the declaratory relief sought in this action." Compl. ¶6. But neither the claims presented nor the relief sought implicate the State Defendants or alter their rights or duties in the underlying state court action against the Carabetta Defendants. Because the State Defendants lack a legally cognizable interest in the Plaintiffs' duty, or lack thereof, to indemnify or defend the Carabetta Defendants, the case against them is moot and must be dismissed. *See New York City Emps.' Ret. Sys. v. Dole Food Co.*, 969 F.2d at 1433 (requiring dismissal for lack of subject matter jurisdiction where a case is moot); *see also McDonald*, 128 F.4th at 384 (defining

mootness as "when the issues presented are no longer lie or the parties lack a legally cognizable interest in the outcome.") (citation and internal quotation marks omitted).

Accordingly, the Court will grant the State Defendants' motion to dismiss on mootness grounds.

### C. Diversity Jurisdiction

In actions between and among the citizens of different states, "[t]he district courts shall have original jurisdiction . . . where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332.

The Plaintiffs assert that the Court has jurisdiction under 28 U.S.C. § 1332(a)(1), since the Plaintiffs and "all of the Defendants are citizens of different states[.]" Compl. ¶8.

The State Defendants argue, however, that the Court lacks jurisdiction over the State Defendants, since both the State of Connecticut and Commissioner Dykes, a state official sued in her official capacity, are not "citizens" for the purposes of diversity jurisdiction. Mot. at 10.

The Court agrees.

"There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." *Moor v. Alameda Cnty.*, 411 U.S. 693, 717 (1973). While "a political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes[,]" *id.*, Strathmore Insurance Company and GNY Custom Insurance Company have sued the Commissioner of the Connecticut Department of Energy and Environmental Protection in her official capacity, and not the political subdivision itself. And "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and is therefore "no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *see*

*Borromeo Escaler v. U.S. Citizenship & Immigr. Servs.*, No. 03 Civ. 8418 (BSJ), 2007 WL 1975485, at *4 (S.D.N.Y. July 6, 2007) ("[T]he diversity of citizenship statute, 28 U.S.C. § 1332, does not provide a basis for suing the United States or its agencies or officers acting in their official capacity."), *aff'd, Escaler v. U.S. Citizenship & Immigr. Servs.*, 582 F.3d 288 (2d Cir. 2009).

Accordingly, the Court will grant the State Defendants' motion to dismiss for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

### D.  Failure to State a Claim

Federal Rule of Civil Procedure 8(a) requires that the Complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought," in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

The State Defendants argue that the Plaintiffs have not sufficiently pled an action against them under Rule 8(a) and have therefore failed to state a claim upon which relief may be granted under Rule 12(b)(6). Mot. at 11. Instead, they note that "the complaint disclaims the State defendants from any cause of action." *Id.* at 12.  They also argue that remaining as parties of a case "to which there are no claims that relate to their conduct and from which no relief is sought" imposes real prejudice, including the costs of litigation. *Id.* Because there are no claims against the State Defendants nor relief sought from them, they argue dismissal is warranted.

The Court agrees.

The Complaint fails to assert against the State Defendants "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. a 570. Indeed, the Complaint states

outright that it asserts no claims against the State Defendants. Suit may not be maintained against the State Defendants simply for their alleged interest in a separate case proceeding in a different court, where no facts are alleged against the Defendants in support of any discernible claim. *See Flynn v. Verizon Wireless*, No. 3:22-CV-1065 (JAM), 2024 WL 2701676, at \*7 (D. Conn. May 23, 2024), *aff'd in part, appeal dismissed in part,* No. 24-1562, 2025 WL 1671271 (2d Cir. Feb. 13, 2025) (dismissing case against defendants who were not "connected to the harm alleged"); *Guarneri v. Schenectady City Police*, No. 121CV0496LEKCFH, 2021 WL 5508276, at \*2 (N.D.N.Y. Sept. 14, 2021), *report and recommendation adopted as modified,* No. 121CV0496LEKCFH, 2021 WL 4891548 (N.D.N.Y. Oct. 20, 2021) ("Indeed, a complaint cannot be maintained against a defendant who is listed in the caption, but against whom no facts are alleged in the body of the complaint."); *Thomas v. Beth Israel Hosp., Inc.,* 710 F.Supp. 935, 942 (S.D.N.Y. 1989) ("It is well-settled that 'where the complaint names a defendant in the caption, but no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'").

Accordingly, the Court will grant the State Defendants' motion on these grounds.

## IV.   CONCLUSION

For the foregoing reasons, the State Defendants' motion to dismiss is **GRANTED**.

The Clerk of Court is respectfully directed to terminate the State of Connecticut and Commissioner Katherine Dykes as Defendants in this case.

**SO ORDERED** at New Haven, Connecticut, this 17th day of July, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

12